UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION
Case No. _____

| | |
|---|---|
| BLUE RHINO GLOBAL SOURCING, INC., <br><br> Plaintiff, <br><br> v. <br><br> SUMXING INTERNATIONAL LTD. a/k/a BAZHOU SANXIN STEEL PIPE CO., LTD. a/k/a SANXIN INTERNATIONAL LTD. <br><br> Defendant. | **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff BLUE RHINO GLOBAL SOURCING, INC. ("Blue Rhino" or "Plaintiff") brings this action pursuant to 35 U.S.C. § 1 *et seq.*, seeking injunctive relief and damages against Defendant SUMXING INTERNATIONAL LTD. a/k/a BAZHOU SANXIN STEEL PIPE CO., LTD. a/k/a SANXIN INTERNATIONAL LTD. ("SanXin" or "Defendant"), for patent infringement, and alleges as follows:

1. Plaintiff is a corporation formed under the laws of the State of Delaware, having a place of business at 5650 University Parkway, Suite 400, Winston-Salem, North Carolina 27105.

2. On information and belief, Defendant is a corporation formed under the laws of the State of Delaware, having a principal place of business at 8700 East Point Douglas Road South, Cottage Grove, Minnesota 55016.

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant consistent with the principles underlying the U.S. Constitution and N.C. Gen. Stat. § 1-75.4.

5. On information and belief, Defendant has regularly and intentionally conducted business in this State and District, and is subject to personal jurisdiction in this State and District by virtue of its contacts here.

6. On information and belief, Defendant has conducted business in this State and District by, *inter alia*, offering for sale and selling products, providing an interactive website, and otherwise engaging in business activities within this State and District.

7. On information and belief, Defendant's products are offered for sale to customers residing in this State and District and have been sold to customers in this State and District.

8. Venue is proper in this Court under the provisions of 28 U.S.C. §§ 1391 and 1400(b).

9. Plaintiff is in the business of marketing and selling grills, among other products.

10. Plaintiff is the owner, by assignment, of all right, title, and interest in and to United States Design Patent No. D680,795 ("the '795 Patent") entitled "Barbecue Grill."  A true and correct copy of the '795 Patent is attached hereto as <u>Exhibit A</u>.

11. The '795 Patent was duly and lawfully issued by the United States Patent and Trademark Office on April 30, 2013. The '795 Patent and its claimed design are presumed valid pursuant to 35 U.S.C. § 282.

12. On information and belief, products sold under the '795 Patent by Plaintiff have been properly marked pursuant to 35 U.S.C. § 287.

13. On information and belief, Defendant is engaged in the business of making, importing, marketing, and selling a variety of household items, including barbeque grills, through its own website and through online marketplaces such as Amazon, eBay, and Walmart.

14. On information and belief, Defendant has been offering for sale and selling, and presently is offering for sale and selling, through various online retailers, including to customers and potential customers in this State and District, barbeque grills that infringe the claimed ornamental design of the '795 Patent.

15. On information and belief, Defendant has violated Plaintiff's patent rights through its activities with at least Defendant's barbeque grills bearing model number BY1610200202.

16. A true and correct copy of the product manual provided by Defendant with barbeque grills bearing model number BY1610200202 is attached hereto as Exhibit B.

17. As depicted in the product manual, the infringing barbeque grills embody the claimed design of the '795 Patent.

18. Defendant has committed the acts of infringement complained of herein without the consent or authorization of Plaintiff and in derogation of 35 U.S.C. § 271.

19. Defendant's unlawful conduct has irreparably harmed Plaintiff, and unless enjoined, will continue to harm Plaintiff by virtue of Defendant's infringement of the '795 Patent.

20. Plaintiff is entitled to damages from Defendant pursuant to 35 U.S.C. §§ 284 and 289 and injunctive relief from this Court pursuant to 35 U.S.C. § 283.

WHEREFORE, Plaintiff prays for the entry of a judgment:

(A) Holding that Defendant has infringed the '795 Patent;

(B) Awarding Plaintiff damages adequate to compensate for all such unauthorized acts of infringement pursuant to 35 U.S.C. § 284;

(C) Awarding Plaintiff disgorgement of all profits attributable to Defendant's infringing activities, pursuant to 35 U.S.C. § 289;

(D) To the extent applicable, declaring this case as exceptional pursuant to 35 U.S.C. § 285;

(E) Awarding Plaintiff its attorney's fees and other costs and expenses;

(F) Awarding Plaintiff pre-judgment and post-judgment interest;

(G) Permanently enjoining Defendant from further acts of infringement; and

(H) Awarding such other and further relief as this Court deems just and equitable.

Plaintiffs hereby demand a trial by jury on all issues so triable.

Date:  June 6, 2016                    Respectfully submitted,

                                                     /s/ J. Mark Wilson
                                                   J. Mark Wilson
N.C. State Bar No. 25763
Minnie Kim
N.C. State Bar No. 46178
MOORE & VAN ALLEN PLLC
Bank of America Corporate Center
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
(704) 331-1000
(704) 331-1159 (facsimile)
E-mail:  markwilson@mvalaw.com
          minniekim@mvalaw.com

*Attorneys for Plaintiff Blue Rhino Global Sourcing, Inc.*